UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

URGANDA VALDEZ,
Individually, and on Behalf of
All Other Persons Similarly Situated,

         Plaintiff,

-against-

EXTELL DEVELOPMENT COMPANY, JANOMITE
CLEANING, JIMMY ANDRADE, FAESIAN
INCORPORATED, REUVEN FELDMAN AND JOHN
DOES #1-10, Jointly and Severally,

         Defendants.

------------------------------------------------------------------x

JUDGE CHIN

09 CIV 8403

CLASS AND
COLLECTIVE ACTION
COMPLAINT

Demand for Jury Trial

RECEIVED
OCT 05 2009
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, on behalf of himself and other similarly situated current and former employees, classified by Defendants as cleaning and/or maintenance workers and other comparable positions with different titles, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that he is: (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2. Plaintiff further complains on behalf of himself and other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that he is entitled to back wages from Defendants for overtime work for which he did not receive overtime premium pay as required by New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by

the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' principal place of business is in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff, Urganda Valdez ("Valdez"), at all relevant times, resided in Bronx, New York.

7. Upon information and belief, Defendant Extell Development Company ("Extell") is a corporation organized and existing under the laws of the State of Delaware and owns and operates real estate throughout the United States including the City of New York and is doing business in New York, New York.

8. Upon information and belief, Plaintiff and others similarly situated are employed by a company doing business under the name of Janomite Cleaning in Brooklyn, New York whose further identity is unknown to Plaintiff at this time but has another principal place of business at 455 Route 306, Suite 141, Monsey, New York, 10952, Rockland County.

9. Upon information and belief, Janomite Cleaning is not a corporation organized and existing under the laws of the State of New York and is owned and operated by individuals, the identities of whom are unknown to Plaintiff at this time.

10. Upon information and belief, Defendant, Jimmy Andrade ("Andrade"), owns, operates and/or is a managing agent of Janomite Cleaning.

11. Upon information and belief, Defendant, Faesian Incorporated ("Faesian"), is a corporation organized and existing in the State of New York.

12. Upon information and belief, Defendant, Faesian, owns and operates a cleaning and maintenance company.

13. Upon information and belief, Defendant, Faesian, has a principal place of business at 455 Route 306, Suite 1411, Monsey, New York, 10952, Rockland County in the State of New York.

14. Upon information and belief, Defendant, Reuven Feldman ("Defendant" or "Feldman"), owns, operates and/or controls the day to day operations and management of Faesian and jointly employed Plaintiffs and other similarly situated employees at all relevant times.

15. Upon information and belief, the principal place of business of Feldman is 455 Route 306, Suite 1411, Monsey, New York, 10952, Rockland County.

16. Upon information and belief, Defendant, Janomite Cleaning, also does business under the name of Defendant, Faesian.

17. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Defendants and acted intentionally and

maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Defendants.

18. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

19. Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as cleaning and/or maintenance workers and other comparable positions with different titles at any time since October 1, 2003 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who did not receive compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

21. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which

4

the calculation of that number are presently within the sole control of the Defendants; upon information and belief, there are over 40 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

22. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

23. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

24. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

(a) whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

(b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4;

(d) whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

(e) whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(f) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(g) whether Defendants should be enjoined from such violations of the FLSA in the future.

25. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

26. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

27. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants as cleaning and/or maintenance workers and other comparable positions with different titles at any time since October 1, 2003, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York

Labor Law and have not been paid for overtime wages in violation of the New York Labor Law (the "Class").

28. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are based, are presently within the sole control of the Defendants, upon information and belief, there are at least 40 members of the Class during the Class Period.

29. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

30. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

32. Plaintiff has the same interests in this matter as all other members of the Class, and Plaintiff's claims are typical of the class.

33. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

(a) whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

(b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendants failed/and or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

(d) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(e) whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

34. Valdez began his employment with Defendants on or about February, 2007 until on or about May, 2008 (the "time period").

35. Valdez and others similarly situated while employed by Janomite Cleaning and/or Faesian performed cleaning and/or maintenance services for and on behalf of Defendant, Extell Development Company at buildings owned and/or operated by Defendant Extell in New York, New York who permitted and suffered them to so work.

36. Upon information and belief, Defendants, John Does #1-10 are officers, directors and/or managing agents of Defendants and participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Defendants.

8

37. Plaintiff and others similarly situated often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

38. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

39. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

40. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

41. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the course of the Class Period and the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

42. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

43. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

44. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

47. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

48. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

49. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the

wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled to recover from Defendants, his unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

53. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54. At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

56. Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

57. Due to Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants his unpaid overtime compensation and

damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

58. Plaintiffs waive liquidated damages pursuant to the New York Labor Law to the extent that a class action is alleged.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, on behalf of himself and all other similarly situated, Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

(a) Certification of this action as a class action pursuant to Fed R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and Plaintiff's counsel to represent the Class;

(b) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and Plaintiff's counsel to represent the Collective Action Members;

(c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(d) An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(e) An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

(f) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(g) An award of prejudgment and post judgment interest;

(h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
October 1, 2009

_____
Jeffrey M. Gottlieb, Esq.

Attorneys for Plaintiff, Individually and on Behalf
of All Other Persons Similarly Situated
Gottlieb & Associates
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Extell Development Corp._ ✱ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

✱ _Jeronimo Cleaning; Jimmy Andrade; Faesian Incorporated, Reuven Feldman, et. al._

_____  _____  _____
Signature                Date      Print Name