UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
URGANDA VALDEZ,
Individually, and on Behalf of
All Other Persons Similarly Situated,

                Plaintiff,

      -against-

EXTELL DEVELOPMENT COMPANY, JANOMITE
CLEANING, JIMMY ANDRADE, FAESIAN
INCORPORATED, REUVEN FELDMAN AND JOHN
DOES #1-10 , Jointly and Severally,

                Defendants.
-----------------------------------------------------------------x

**ORDER**

Case No.: 09CV8403 (DC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/09

### I. Background

On or about October 28, 2009, the parties reached a settlement resolving all of the claims of the individual plaintiff (see Settlement Agreement and General Release, dated Oct. 28, 2009 reviewed by the Court *in camera* ("Settlement")). On or about October 29, 2009, the parties moved jointly by letter that the Court approve the Settlement as "fair and reasonable," pursuant to the Fair Labor Standards Act ("FLSA"), 28 U.S.C. §§ 201, *et seq.* (Letter to Court, dated Oct. 29, 2009 at 3 ("in order for the release…to be effective, the Settlement Agreement must be approved by the Court").)

**For the reasons that follow, the Court approves the Settlement as fair and reasonable.**

### II. Legal Standard

In reviewing a settlement of a FLSA claim, a court must "scrutinize[e] the settlement for fairness" and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually

in dispute[,]... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354; *accord Hand v. Dionex Corp.,* No. CV06-1318, 2007 WL 3383601, at *2 (D. Ariz. Nov. 13, 2007).

### III. Analysis

The Court has carefully reviewed the proposed Settlement and finds that it reflects a fair and reasonable resolution of the parties' bona fide disputes over FLSA provisions. *See Hand,* 2007 WL 3383601, at *1. Plaintiff initially alleged, among other things, that she was entitled to "unpaid wages from [Defendants] for overtime work for which she did not receive overtime premium pay" under the FLSA, 29 U.S.C. §§ 201, *et seq.* (*See* Complaint, dated October 1, 2009 ("Complaint").) The settling Plaintiff was represented by independent counsel, who was obligated to vigorously represent their client. *Obrochta v. Reliable Carriers, Inc.,* 2008 WL 508114, at *1 (M.D. Fla. Feb. 21, 2008). Defendants contested liability under the FLSA, claiming, among, other things, that "plaintiffs' work week was actually less than the forty hours required before overtime pay must be paid because plaintiff was allowed a one hour lunch period each day and, as a result, actually worked less than a forty hour week." (Letter to the Court, dated Oct. 29, 2009).

"No opposition has been received...and since a settlement has been reached in this matter, the court assumes there is none." *Sampaio v. Boulder Rock Creek Developers, Inc.*, CV-07-153, 2007 U.S. Dist. LEXIS 66013, at *3 (E.D.N.Y. Sept. 6, 2007).

After reviewing the parties' application, which details the settlement reached by the parties, and for the reasons stated in the application, the court finds that the settlement agreed to in the within action is fair and reasonable. Accordingly, the settlement is judicially approved. *See id.* at *3.

## IV. Conclusion and Order

For the foregoing reasons, the Court approves the Settlement as fair and reasonable. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
       November 13, 2009

                                              _____
                                                    DENNY CHIN, U.S.D.J.